```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


KERRY MARSHALL,                  :
     Plaintiff,                  :
                                 :              PRISONER
     v.                          :   Civil No. 3:16cv354(AWT)
                                 :
COMMUNITY SOLUTIONS, INC.,       :
et al.,                          :
     Defendants.                 :
```

## RULING AND ORDER

The plaintiff, Kerry Marshall, has filed this civil action *pro se* pursuant to 28 U.S.C. § 1915.  He sues a corporation that contracts with the Federal Bureau of Prisons to run a residential reentry center for inmates and an employee of the center.  The plaintiff seeks leave to proceed *in forma pauperis*. After careful review, the motion for leave to proceed *in forma pauperis* is being denied.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision requires the denial of plaintiff's application to proceed *in forma pauperis*. At the time the plaintiff filed this action, he was detained in a residential reentry facility in Waterbury, Connecticut. He states that on January 21, 2016, prison officials transferred him from the Federal Correctional Institution in Loretto, Pennsylvania, to a residential reentry center called the Chase Center, to serve the last three months of his federal sentence.

The plaintiff has had more than three cases or appeals dismissed as frivolous prior to filing this action. *See, e.g., Marshall v. Connecticut Appellate Court*, 3:98cv434(JBA) (dismissed Dec. 23, 1998); *Marshall v. Special Public Defender Carty*, 3:98cv1847(DJS) (dismissed Apr. 21, 1999); *Marshall v.Turcotte*, 3:14cv1338(JCH) (dismissed Jan. 21, 2015); *Marshall v. City of New York*, 14-1465 (appeal dismissed Oct. 23, 2014); *Marshall v. Turcotte*, 15-375 (appeal dismissed Aug. 3, 2015). Because the three strikes provision applies in this case, the plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed

2

IFP in order to obtain a judicial remedy for an imminent danger").

To proceed without prepayment of the filing fee, the plaintiff must meet two requirements. He must show: (1) that he is subject to imminent danger of serious physical injury which is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

The plaintiff sues the corporation that runs the Chase residential reentry center in Waterbury, Connecticut, where he had been confined since January 21, 2016. He also sues the case manager who worked at the residential reentry center. He claims that the case manager refused to issue him passes to visit the law library outside of the center on nine dates in late February and two dates in early March 2016. He alleges that his lack of access to the law library on those dates had an adverse effect on his pending civil and criminal matters. He filed a Bureau of Prisons administrative remedy request on February 19, 2016 regarding his lack of access to the library. As of February 29, 2016, the date he submitted his complaint for filing with this

court, he had not received a response to his administrative remedy request.  For relief, he seeks compensatory and punitive damages.

    The plaintiff does not assert facts that suggest that he was facing imminent serious physical injury or harm at the time he signed the complaint on February 29, 2016.  *See Pettus*, 554 f.3d at 296 (danger is not imminent if it "has dissipated at the time a complaint is filed").  Thus, the plaintiff fails to satisfy the requirements for the exception to the three-strikes provision.  Accordingly, the application to proceed *in forma pauperis* is being denied.

## Conclusion

    The Application to Proceed *In Forma Pauperis* [**Doc. No. 2**] is hereby **DENIED**.  The Motion for Temporary Injunction [**Doc. No. 3**] is hereby **DENIED.**  The plaintiff does not seek injunctive relief in the complaint and includes no other facts in the motion that might form the basis for a request for injunctive relief.  The Motion to Expedite Service [**Doc. No. 7**] is hereby **DENIED**.  If the plaintiff pays the filing fee, he will be responsible for serving the complaint on the defendants.

    All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery

of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, Main Street, Hartford, CT  06103.  Failure to tender the filing fee within twenty (20) days from the date of this Order will result in the dismissal of this action.

It is so ordered.

Signed this 20th day of May, 2016 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge